**George E. SPILMAN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5480.**

Supreme Court of Wyoming.

Sept. 10, 1981.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, and Sylvia Lee Hackl, Asst. Public Defender, Wyoming Public Defender Program, Cheyenne, signed the brief on behalf of appellant. Hackl appeared in oral argument.

Steven F. Freudenthal, Atty. Gen.; Gerald A. Stack, Deputy Atty. Gen., Criminal Division; and Allen C. Johnson, Senior Asst. Atty. Gen., Cheyenne, signed the brief on behalf of appellee. Johnson appeared in oral argument.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

This appeal arises from appellant's conviction of murder in the second degree as proscribed by § 6–4–104, W.S.1977.[1] In seeking a reversal of the trial court, appellant has posed two questions for us. These are worded as follows:

"Whether the sham, farce and mockery standard for review of ineffective assist-

---

1. Section 6–4–104, W.S.1977, provides:

"Whoever purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and shall be imprisoned in the penitentiary for any term not less than twenty (20) years, or during life."

ance of counsel should be abandoned in favor of a standard which examines whether trial counsel rendered reasonably competent assistance.

"Whether failure of trial counsel to ensure the recording of critical portions of the trial proceedings amounted to ineffective assistance of counsel."

We will affirm.

On September 6, 1980, an eighteen-year-old Cheyenne youth hosted a party in the basement of a residence owned and occupied by his seventy-three-year-old grandmother. Appellant—George Spilman—attended that party. Beer, marijuana, and lysergic acid diethylamide (LSD) were consumed by those present at the gathering.

At around eight o'clock that night, the party's host gave appellant four "hits" of LSD.[2] The host watched as appellant placed these in his mouth. A short time later, appellant's behavior took an ugly turn. Soon all those present at the party left, leaving appellant alone in the house with the host's grandmother.

Sometime after midnight, appellant's wife arrived at the house. She found appellant in the bathroom covered with blood. He was holding a piece of glass and kneeling over the grandmother's body. After calming her husband down, she managed to leave the house and call the police. The police arrived and arrested appellant.

Appellant was charged with one count of first-degree murder. This was reduced to second-degree murder by the judge presiding at the preliminary hearing. Appellant's trial commenced on January 12, 1981. The voir dire examination of the jury, as well as the opening and closing statements, were not reported. On the evening of January 13, 1981, the jury returned a verdict finding the appellant guilty of second-degree murder. On appeal, the only challenge made to the proceedings concerns the adequacy of trial counsel. Appellant argues: (1) that the standard by which the adequacy of

counsel is measured should be one of reasonableness, and (2) that the trial counsel's failure to have the voir dire and the opening and closing statements recorded amounted to ineffective assistance of counsel.

We recently addressed the issue of what standard should be employed to test the adequacy of a criminal defendant's assistance of counsel. In *Hoskovek v. State*, Wyo., 629 P.2d 1366, 1367 (1981), we stated:

"A criminal defendant is entitled to an 'effective' assistance of counsel. [Citations.] The standard which we have established to determine whether or not the assistance of counsel is effective is one of 'reasonableness.' Is the assistance rendered by counsel that which would reasonably be rendered by a reasonably competent attorney under the facts and circumstances of the case? If it is, it is effective. If it is not, it is ineffective. [Citations.] The burden rests upon appellant to establish the ineffectiveness of counsel's assistance inasmuch as there is a presumption that counsel is competent and that he performed his duty. [Citations.]"

This appears to be precisely the test appellant has sought. Therefore, all we must do is determine whether in this case appellant's trial counsel rendered ineffective or inadequate assistance, based upon a standard of reasonableness.

Appellant bases his claim of ineffective counsel solely upon the failure of his trial counsel to have the voir dire examination and the opening and closing statements reported. Appellant does not contend and has not, at any time, contended that a transcript of those proceedings would establish that error occurred during them. His position is, in effect, that the failure to report those proceedings amounts to ineffective assistance of counsel per se.

This argument ignores two of our appellate rules, as well as our holding in

---

2. A "hit" of LSD is a piece of blotter paper which has been dipped in the acid and then is placed under the partaker's tongue.

*Hoskovek*, supra. First, Rule 4.03, W.R. A.P., provides:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. * * *"

Under this procedure, the record on appeal can be supplemented to reflect what occurred during the unreported proceedings. Thus, it is clear that an attorney has an alternative means of ensuring that an adequate record is presented to an appellate court for review. He is not dependent upon a transcript. In light of this possibility, it is very difficult to conclude that it is unreasonable for an attorney to fail to have all court proceedings reported.

Second, Rule 7.04, W.R.A.P., provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

This has been read to mean that an error must be injurious or prejudicial to warrant reversal. And further, the appellant has the burden of establishing such. *Mainville v. State*, Wyo., 607 P.2d 339 (1980). Here appellant has made absolutely no showing of how he was prejudiced by the lack of a transcript of the three courtroom proceedings.

■ Finally, in *Hoskovek*, supra, we stated that there is a presumption of competency. Further, it is appellant's burden to overcome this presumption. Thus, appellant must demonstrate the unreasonableness of his trial counsel's actions. Seemingly, this would include a showing of some injury which a reasonable attorney's conduct would have avoided. This was not done here. No prejudice has been shown. And, besides, there exists an avenue to circumvent the lack of reporting and a transcript of the voir dire, opening, and closing statements.

Accordingly, we must hold that the failure to have those proceedings reported does not per se constitute inadequate counsel. Some prejudice must be shown. No prejudice has been argued.

Affirmed.