**Stephen Lee BARRON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 91–28.

Supreme Court of Wyoming.

Oct. 25, 1991.

Petition for Rehearing Denied Nov. 13, 1991.

Stephen Lee Barron, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., and Jennifer L. Gimbel, Sr. Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., THOMAS, MACY, and GOLDEN, JJ., and BROWN, J. (Retired).

BROWN, Justice, Retired.

Appellant Stephen Lee Barron appeals from the district court's entry of a judgment pursuant to his guilty plea for attempted first-degree murder.

We affirm.

Appellant raises the following issues for our review:

I.   An affirmative defense was available to the charge of Attempted First Degree Murder.

II.   Appellant was deprived of his Sixth Amendment Right to Effective Assistance of Counsel due to counsel's failure to investigate, advise and pursue the defense of voluntary intoxication.

III. The record on appeal i[s] not complete.

On August 10, 1990, appellant entered a store in Douglas, Wyoming, to talk with his former wife about their relationship. After they quarreled for a few minutes, appellant brandished a hunting knife and stabbed his ex-mate. The former wife scrambled to elude appellant, but he continued to stab her. When a store employee tried to stop appellant's assault, appellant threatened the employee with the knife. The former wife finally escaped out the back door of the store, and appellant turned the knife on himself. Appellant's former wife survived the attack.

Appellant was arrested and charged with one count of attempted first-degree murder in violation of Wyo.Stat. §§ 6–1–301(a) (1988) [1] and 6–2–101(a) (Supp.1989) [2] and with one count of aggravated assault and battery in violation of Wyo.Stat. § 6–2–502(a)(iii) (1988) [3]. On October 31, 1990, appellant pleaded guilty to attempted first-degree murder, and, in exchange, the prosecutor dismissed the aggravated assault and battery charge. The district court accepted appellant's guilty plea and sentenced him to life imprisonment.

I

■ Appellant contends that the district court failed to adequately inquire about the factual basis for his guilty plea. He argues that a proper inquiry would have revealed that he was too intoxicated to form the intent necessary to commit attempted first-degree murder. Appellant bases his argument, in part, upon statements he made at his arraignment. During that arraignment, the following colloquy occurred:

THE COURT: * * * Mr. Barron, you tell me in your words what happened on the 10th day of August, 1990 at the Anthony's store which involved your ex-wife, Karen E. Barron?

THE DEFENDANT: We got a divorce the day before and she took everything I had. And I just went drinking and went to kill both of us.

THE COURT: Where did you have the knife? This happened with a knife?

THE DEFENDANT: Yes.

THE COURT: Where did you have the knife?

THE DEFENDANT: In my pocket.

THE COURT: Where was it before you went to the store?

THE DEFENDANT: In the car.

THE COURT: Did you go get the knife then?

THE DEFENDANT: I had the knife when I entered the store.

THE COURT: You went in the store for what purpose?

THE DEFENDANT: To talk to her and I asked her what would be the chances of us going back together and she said never. And I said, "Won't nobody else have you. We will both die."

THE COURT: When you went into the store, did you go in for that purpose and if she wouldn't get back together, you were going to kill her?

THE DEFENDANT: Yes, sir, both of us.

W.R.Cr.P. 15(f) states:

1. Section 6–1–301(a) provides:
   (a) A person is guilty of an attempt to commit a crime if:
   (i) With the intent to commit the crime, he does any act which is a substantial step towards commission of the crime. A "substantial step" is conduct which is strongly corroborative of the firmness of the person's intention to complete the commission of the crime; or
   (ii) He intentionally engages in conduct which would constitute the crime had the attendant circumstances been as the person believes them to be.

2. Section 6–2–101(a) states:
   (a) Whoever purposely and with premeditated malice, or in the perpetration of, or attempt to perpetrate, any sexual assault, arson, robbery, burglary, escape, resisting arrest or kidnapping, kills any human being is guilty of murder in the first degree.

3. Section 6–2–502(a)(iii) provides:
   (a) A person is guilty of aggravated assault and battery if he:
   *    *    *    *    *    *
   (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another[.]

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

If the court is not presented with a factual basis upon which it can find that all the elements of crime are present, then it must refuse to enter a judgment pursuant to the plea. *See Sanchez v. State*, 592 P.2d 1130 (Wyo.1979). One of the elements of first-degree murder is premeditated malice. Wyo.Stat. § 6–2–101 (Supp.1989). Intoxication may operate as a defense to first-degree murder to the extent that it negates a finding of premeditated malice. Wyo. Stat. § 6–1–202 (1988); *Goodman v. State*, 573 P.2d 400 (Wyo.1977).

■ Contrary to his assertions, the excerpt from appellant's arraignment demonstrates that the district court adequately inquired about appellant's state of mind before he entered the store. After appellant made the statement that he "went drinking and went to kill both of us," the district court questioned him about his intentions. Appellant clearly stated that he intended to kill his ex-wife if she did not agree to resume their relationship. Thus, we hold the district court's finding that appellant attempted, with premeditated malice, to kill his former wife was supported by a factual basis. Appellant's allegation of intoxication seems to be an afterthought. At the arraignment, he made fleeting reference to drinking but said nothing about being intoxicated. He knew more about the effect of his drinking than anyone else, but apparently it was not anything of sufficient significance to mention to his lawyer or the court.

## II

■ In the second issue, appellant contends that he was denied effective assistance of counsel. We have frequently addressed the standard of evaluating claims of ineffective assistance of counsel:

We do not evaluate those actions from a perspective of hindsight. We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment.

* * * Each case must be viewed in the total context of the representation afforded to determine if the defendant was denied his right to a fair trial.

*Gist v. State*, 737 P.2d 336, 342 (Wyo.1987) (citations omitted). *See also Amin v. State*, 811 P.2d 255, 261 (Wyo.1991); *Murray v. State*, 776 P.2d 206 (Wyo.1989); *Cutbirth v. State*, 751 P.2d 1257 (Wyo. 1988); *Frias v. State*, 722 P.2d 135 (Wyo. 1986).

■ A reviewing court, using a "standard of reasonableness," must presume that counsel is competent and place the burden on the appellant to establish ineffectiveness of counsel's assistance. *Spilman v. State*, 633 P.2d 183, 184 (Wyo. 1981). An error by counsel will not warrant setting aside a judgment unless there is a reasonable likelihood that the decision reached would have been different without the errors. *Munden v. State*, 698 P.2d 621 (Wyo.1985). In *Munden*, we adopted the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, defense counsel's assistance will be deemed effective unless "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686, 104 S.Ct. at 2063–64.

■ Appellant contends that his attorney failed to "investigate, advise and pursue the defense of voluntary intoxication." The most frequently quoted case dealing with the right to effective assistance of counsel is the *Strickland* case. In *Campbell v. State*, 728 P.2d 628, 629 (Wyo.1986), this court stated:

When reviewing the question of whether the assistance of counsel was effective, we use the standard of reasonableness. *Frias v. State*, Wyo., 722 P.2d 135 (1986); and *Munden v. State*, Wyo., 698 P.2d 621 (1985). To determine reasonableness, we look at trial counsel's acts or omissions in light of all the circumstances to determine if such acts or omis-

sions fall outside the wide ambit of professionally competent assistance. *Frias v. State*, supra.

The burden rests upon an appellant to show the ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh. denied* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), the United States Supreme Court stated that in order for a convicted defendant to show that counsel's assistance was so defective as to require reversal, he must show two things:

> " * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

The United States Supreme Court has also held that the *Strickland* standard applies to claims of ineffective assistance of counsel after a defendant has pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). At the core of the determination is the standard of reasonableness. *Frias v. State*, 722 P.2d 135 (Wyo.1986).

Under the first prong of the *Strickland/Hill* test, appellant challenges his counsel's failure to investigate and pursue the defense of intoxication.

*"[C]ounsel has a duty to make reasonable investigations or to make a reason-*

*able decision that makes particular investigations unnecessary. * * * The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. * * * [W]hat investigation decisions are reasonable depends critically on such information. * * * "* (Emphasis added.) *Strickland v. Washington*, 104 S.Ct. at 2066.

*Id.* 722 P.2d at 145.

The Court, quoting *McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970), also stated in *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064 that:

> [A] guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not "a reasonably competent attorney" and the advice was not "within the range of competence demanded of attorneys in criminal cases."

▮▮▮ The record before us is meager, but given the statements appellant made during his arraignment, we cannot hold that his counsel's performance was deficient. The record simply does not indicate that appellant stabbed his ex-wife at a time when he was too intoxicated to form the requisite intent, i.e., premeditated malice. We also disagree with appellant's claim that it was unreasonable for his attorney to advise him to plead guilty to a crime which carries a mandatory life sentence. Contrary to his argument, appellant did receive a benefit from pleading guilty since he eliminated the risk of receiving an additional sentence for aggravated assault and battery. The fact that his conduct warranted a stiff punishment is not his attorney's fault. Because we hold that appellant's counsel did not act in an unreasonable manner, it is unnecessary for us to address the second prong of the *Strickland* standard.[4]

---

4. To satisfy the second prong of the *Strickland* standard, an appellant who pleaded guilty must show the existence of a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty. *Hill*, 474 U.S. at 58, 106 S.Ct. at 370. The *Hill* Court gave the following explanation of that requirement:

## III

 Finally, appellant contends that the record on appeal is not complete, even though he certified that it was. His brief cites the recent case of *Bearpaw v. State*, 803 P.2d 70 (Wyo.1990), and speculates that, since the police records are not included in the record on appeal, other things may be missing from the record and, thus, the court is unable to determine whether he was provided with effective assistance of counsel.

*Bearpaw* is distinguishable from this case. *Bearpaw* involved missing portions of the record in a criminal jury trial. Voir dire, opening statements and closing arguments of counsel and jury instructions were recorded but not transcribed nor made part of the record in the appeal. The recorded but untranscribed portions of the court reporter's notes had been destroyed. In that case we held that, without those portions of the record, the court was unable to determine whether there was error committed and whether the defendant had been provided an adequate defense. Therefore, the matter was reversed and remanded for new trial.

This case did not go to trial since appellant pleaded guilty to the charge of attempted first-degree murder. The record includes the transcripts of all proceedings held in open court, along with all other filed documents. This record complies with W.R.A.P. 4.01.[5] Appellant contended that the police reports should be part of the record and attached uncertified copies of some of them with his brief, in an inappropriate attempt to supplement the record.

Police reports generally are not included in the filed documents or record unless introduced as evidence in court proceedings by either party. Appellant did not offer these reports as evidence at the time he entered his plea and was sentenced. He references these reports in an attempt to support his argument that he was intoxicated at the time he attempted to kill his ex-wife.

Appellant, by pleading guilty to attempted first-degree murder, admitted all elements of the crime and waived all nonjurisdictional defenses, such as being so intoxicated that he was unable to form the specific intent of premeditation. Therefore, the police reports are irrelevant to the issues on appeal. Even if the police reports were to be included in the record, appellant is no better off. The reports make reference to the smell of alcohol and consumption of a small amount over several hours. No reference is made to appellant's intoxication. Rather, the reports are further proof of appellant's state of mind regarding his plan to kill his ex-wife.

The record on appeal contains transcripts of the open court proceedings and all other filed documents, pursuant to W.R.A.P. 4.01. The record is complete and we can determine the issues presented in this appeal. Appellant's argument thus offers no basis for reversal of his conviction.

Affirmed.

In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similar-

ly, where the alleged error of counsel is failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59, 106 S.Ct. at 370–71.

5. W.R.A.P. 4.01 states in pertinent part:

The original papers and exhibits filed in the district court, the transcript of proceedings, if any, or any designated portion thereof, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases.