**Ronald Leroy KENNEDY, Petitioner-Appellant, and Cross–Appellee,**

v.

**Duane SHILLINGER and the Attorney General for the State of Wyoming, Respondents–Appellees, and Cross–Appellants.**

**Nos. 91–8013, 91–8020.**

United States Court of Appeals, Tenth Circuit.

July 28, 1992.

Rehearing Denied Sept. 15, 1992.

---

McWILLIAMS, Senior Circuit Judge.

Ronald Leroy Kennedy, a Wyoming state prisoner, filed a *pro se* petition for habeas corpus in the United States District Court for the District of Wyoming, naming as a respondent Duane Shillinger, described as the "Warden, Superintendent, jailor or authorized person having custody of the petitioner," and naming as an additional respondent the Attorney General of the State of Wyoming. After hearing, the district court in a published opinion denied the petition. *Kennedy v. Shillinger,* 759 F.Supp. 1554 (D.Wyo.1991). Kennedy appeals from the judgment thus entered.

During the course of the proceedings in district court, the judge entered an order that the respondents show cause why "all costs and fees attendant upon all proceedings arising from this cause and matter [should not] be assessed against Respondents." Respondents filed a response to the show cause order, and the district court in an unpublished memorandum order required the Warden and Attorney General to pay all costs and fees incurred by Kennedy in his federal habeas corpus proceeding. Respondents have filed a cross-appeal challenging the order requiring them to pay Kennedy's costs and fees. We shall consider the direct appeal and cross-appeal *ad seriatim.*

#### No. 91–8013. The Direct Appeal

Kennedy and a co-defendant, Jerre Lee Jenkins, were convicted on May 1, 1974, in the district court for Laramie County, Wyoming of first degree murder, assault with an intent to commit murder, and forcible rape. In connection with the conviction for first degree murder each was sentenced to death. On appeal, the Wyoming Supreme Court held that Wyoming's statute imposing a mandatory death penalty for murder

Daniel G. Blythe of Blythe & Lewis, Cheyenne, Wyo., for petitioner-appellant, and cross-appellee.

Paul S. Rehurek, Asst. Atty. Gen., Cheyenne, Wyo., for respondents-appellees, and cross-appellants.

---

* Honorable Elmo B. Hunter, Senior United States District Judge, for the District of Missouri, sitting by designation.

when its commission involves certain aggravating circumstances was violative of the Eighth and Fourteenth Amendments to the Constitution and remanded the case for resentencing. *Kennedy v. State,* 559 P.2d 1014 (Wyo.1977).

At resentencing, Kennedy and Jenkins were given life sentences on their respective convictions for first degree murder, to be served consecutively to the sentences imposed on their other convictions for assault with intent to commit murder, and forcible rape. On appeal, Kennedy and Jenkins challenged the district court's order that their life sentences be served consecutively to the other sentences imposed. The Wyoming Supreme Court affirmed the sentencing orders of the district court. *Kennedy v. State,* 595 P.2d 577 (Wyo. 1979).

Both Kennedy and Jenkins have apparently filed numerous petitions in both state and federal courts seeking post-conviction relief—all to no avail. We are here concerned with Kennedy's most recent effort to obtain post-conviction relief under 28 U.S.C. § 2254.[1]

On March 7, 1989, Kennedy, appearing *pro se,* filed the petition for a writ of habeas corpus with which we are here concerned. The respondents filed an answer and a motion to dismiss, alleging successive petitions and abuse of the writ, which motion was denied. The district court then determined that an evidentiary hearing would be held to determine whether Kennedy had defaulted his habeas corpus claims under the "cause and prejudice" test set forth in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *reh'g denied,* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977). That hearing was held on August 14, 1990, Kennedy appearing without counsel, although he was aided by a fellow inmate of the Wyoming State Penitentiary. At the conclusion of this hearing, the district court held that Kennedy had not defaulted on his habeas corpus claims and that he could be heard in federal district court on the merits of his various claims.

Counsel was thereafter appointed to represent Kennedy, such appointment being made under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. Counsel filed an amended petition for a writ of habeas corpus on behalf of Kennedy, in response to which the respondents filed a reply. Thereafter, the district court denied the amended petition on its merits, holding, *inter alia,* that "[b]ased on the overwhelming weight of the evidence of Kennedy's guilt, ... there is no merit in Kennedy's contention that [he was] denied an effective appeal to the Wyoming Supreme Court." *Kennedy v. Shillinger,* 759 F.Supp. 1554, 1561 (D.Wyo.1991). In denying the amended petition, the district judge did not hold a second evidentiary hearing, but in his memorandum opinion the district judge stated that he had read and considered the following: the amended petition and the reply; records filed with the Clerk of the First Judicial District for Laramie County, Wyoming, including the transcript of Kennedy's state trial; various exhibits introduced at trial; and the record of Kennedy's appeal to the Wyoming Supreme Court. *Kennedy v. Shillinger,* 759 F.Supp. 1554, 1555 (D.Wyo.1991).

On appeal in this court, counsel claims that Kennedy was denied his Sixth Amendment right to the effective assistance of counsel in both the state trial court and the Wyoming Supreme Court. In support of the claim that Kennedy was denied the effective assistance of counsel in the Wyoming Supreme Court, counsel argues that the failure of counsel to assert as error on appeal to the Wyoming Supreme Court the sufficiency of the evidence and the denial by the state trial court of Kennedy's motion to sever his trial from that of Jenkins' demonstrates that the performance of appellate counsel fell below the requirements of the Sixth Amendment. As concerns the performance of Kennedy's trial counsel, who also represented him on appeal to the

---

1. Jenkins filed a separate petition for habeas corpus in the United States District Court for the District of Wyoming. After hearing, the petition was denied. On appeal, we affirmed in an unpublished order and judgment, *Jenkins v. Shillinger,* August 3, 1990.

Wyoming Supreme Court, Kennedy's counsel in this court argues that Kennedy's plea of not guilty by reason of insanity was not knowingly made, and that Kennedy actually wanted to go to trial on the one plea of "not guilty," and that such somehow indicates that the performance of his trial counsel fell below the level of professional competence required by the Sixth Amendment.

We see no good reason to engage here in extended discussion of these various matters. As indicated, the district court's memorandum opinion and order is published and appears at 759 F.Supp. 1554 (D.Wyo.1991). We are in accord with the result reached, and on that basis we affirm its judgment dismissing Kennedy's petition.

■ Counsel also argues that the district court should have held a second evidentiary hearing before ruling on Kennedy's petition. We do not agree. As indicated, the district court did hold an evidentiary hearing to determine whether Kennedy had defaulted his habeas corpus claims under the "cause and prejudice" test of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *reh'g denied*, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977) and ruled in favor of Kennedy. The district court had before it the transcript of Kennedy's state court trial and the record of his appeal to the Wyoming Supreme Court. By way of example, the sufficiency of the evidence could *only* be determined by the trial transcript. Similarly, whether the district court's denial of Kennedy's motion to sever was clearly erroneous and thus a viable appellate court issue could be determined from the trial record. And the circumstances surrounding Kennedy's plea of not guilty and not guilty by reason of insanity are fully set forth in the trial record. The federal district court did not need to retry the case.

In the district court, appointed counsel was required to raise certain issues, which Kennedy insisted be raised, even though counsel did not believe they had merit. They were, however, fully examined, and rejected, by the district court. In this court, Kennedy was allowed to file a *pro se*
reply brief in response to the respondents' brief on the merits in which he raised many of the arguments previously raised by him in the district court. Suffice it to say that nothing contained in Kennedy's *pro se* brief has persuaded us that the district court's judgment was in error.

### No. 91–8020. The Cross–Appeal

Prior to the evidentiary hearing held on Kennedy's *pro se* petition on August 14, 1990, the district court on April 3, 1990, directed the respondents to show cause why they should not pay all of Kennedy's costs and fees in the present proceeding. On April 18, 1990, the respondents filed a response to the show cause order.

On April 26, 1990, the district court entered an order that the respondents pay all of Kennedy's costs and fees incurred in connection with the present habeas corpus proceeding. The respondents by their cross-appeal challenged the propriety of that order.

■ The district court in its published opinion and order appearing at 759 F.Supp. 1554, 1556 (D.Wyo.1991) makes only a passing reference to its earlier unpublished order assessing the respondents with Kennedy's costs and fees. From its order of April 26, 1990, assessing costs and fees, we sense that the district court was of the view that Kennedy had attempted to raise in post-conviction proceedings in Wyoming state court his claim of ineffective assistance of trial and appellate counsel, but that the Attorney General had resisted such efforts and that as a result the Wyoming state courts never considered Kennedy's claim of ineffective assistance of counsel on its merits. Be that as it may, we fail to see how such would justify imposing Kennedy's costs and fees incurred in the present proceeding on the Attorney General, let alone on the Warden.

As we understand it, the district court appointed counsel to represent Kennedy on August 17, 1990, under the Criminal Justice Act. 18 U.S.C. § 3006A. In its order appointing counsel, the district court specifically stated that the appointment was at

the "expense of the United States," but that the respondents, under the court's earlier order of April 26, 1990, assessing all Kennedy's costs and fees against the respondents, would "reimburse the United States for all attorney fees and all other expenses reasonably incurred herein." The respondents argue that there is no authority for the district court's order on April 26, 1990, assessing Kennedy's costs and fees against them, and is in fact contrary to the statutes that govern payment of fees for an indigent defendant in a habeas corpus action. *See* 18 U.S.C. § 3006A.

On appeal, as we understand it, counsel for Kennedy does not claim that there is any statutory authority for the order requiring the Warden and the Attorney General to pay Kennedy's costs and fees. Rather, counsel argues that there is some inherent and equitable power in the district court to do so, particularly when bad faith is found on the part of respondents. Without getting into any discussion of inherent or equitable powers of a court to impose sanctions, the present record does not justify requiring the Warden, for example, to pay Kennedy's costs and fees. Nor does the record justify requiring the Attorney General to pay Kennedy's costs and fees. As we understand it, the Attorney General is not accused of any misconduct in the United States District Court for the District of Wyoming. As indicated, the district court was apparently concerned with the fact that in post-conviction proceedings in the state court of Wyoming the Attorney General resisted Kennedy's attempts to get post-conviction relief, which he of course had the right to do. Such conduct does not justify a sanction of this sort.

Accordingly, the judgment in No. 91-8013 is affirmed. In 91-8020 the district court's order of April 26, 1990, assessing the respondent with Kennedy's costs and fees, is reversed and the case is remanded with directions that the district court vacate its order.