**Donald W. BRALEY,**
**Plaintiff–Appellant,**

v.

**Duane SHILLINGER, and Attorney General, State of Wyoming,**
**Defendant–Appellee.**

No. 89–8026.

United States Court of Appeals,
Tenth Circuit.

April 30, 1990.

Donald W. Braley, pro se.

No appearance for defendant-appellee.

Before McKAY, ANDERSON, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Donald W. Braley appeals the district court's denial of his petition for a writ of habeas corpus. Braley contends that the court erred in holding that his Sixth Amendment right to a fair and impartial jury was not infringed by the Wyoming state courts' refusal to permit inquiry into alleged improper influence over the jury. We affirm.

Braley was tried for first degree murder. During the trial an anonymous caller telephoned the secretary of the defense counsel and said two jurors knew the father of the victim. The caller described two women on the jury. The trial judge allowed one of the jurors, Ms. Giles, to be questioned. After the evening recess, the court swore in the defense counsel's secretary and questioned her about the phone call. The court declined to take any action because the phone caller had not revealed his identity. The next day, the caller telephoned again. This time the call was recorded. The substance of the call was that the father of the victim had two of the jurors in his pocket. After the trial was concluded, the court allowed the defense counsel to approach jurors for voluntary statements.

On February 4, 1986, defense counsel filed a motion for new trial based on the telephone incident and a juror affidavit detailing the actions of the two jurors accused by the telephone caller. The affidavit reported that the two jurors initially refused to vote for anything less than first degree murder, despite the rest of jury's leaning in favor of manslaughter, and that the jurors eventually swayed the jury to a verdict of second degree murder. The Wyoming Supreme Court remanded the case back to the district court for the purpose of considering the new trial motion.

The district court held two hearings on the new trial motion. At the second hearing the district court permitted the two questioned jurors, Giles and Kardong, the jury foreman (who had provided the affidavit), and the victim's father to testify. The questions posed to the jurors were limited to whether or not any of them had been approached by any outside source during the trial and whether they had been influenced by any outside source. The victim's father was questioned as to whether or not he had had any contact with the jurors. Each witness denied any contact or influence. Defense counsel were not permitted to inquire any further into the deliberations of the jury. The district court then denied the motion for the new trial, and the Wyoming Supreme Court affirmed. *See Braley*

*v. State,* 741 P.2d 1061 (Wyo.1987). The U.S. district court denied Braley's petition without a hearing, and Braley appealed.

In our view this case is governed by *Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). *Smith* holds that the state court's finding that there was no juror bias controls unless one of the eight factors set forth in 28 U.S.C. section 2254(d) is met. *Id.* at 218, 102 S.Ct. at 946. Braley must thus be contending that one of the following exceptions applies:

> (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
> (3) that the material facts were not adequately developed at the state court hearing;
>
> . . . .
>
> (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceedings....

28 U.S.C. § 2254(d)(2), (3) & (6). In essence, Braley contends that W.R.E. 606(b),[1] which prohibits interrogation of jurors over their mental processes, prevented him from having a full and fair hearing. We find no such defect in the state hearing procedure. The Supreme Court has repeatedly held that inquiry may not be made into the "internal" thoughts and reasoning of jurors. *See Tanner v. United States,* 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). The Court has thus upheld application of the Rule 606(b) standards of exclusion of juror testimony even in the face of Sixth Amendment fair jury arguments. *See id.* at 126, 107 S.Ct. at 2751; *Smith,* 455 U.S. at 213–19, 102 S.Ct. at 944–47. In *Smith,* the Court suggested that the proper remedy for possible problems with juror implied bias was a hearing. *See Smith,* 455 U.S. at 217–19, 102 S.Ct. at 946–47. The state trial judge afforded such a hearing and an opportunity for Braley to investigate, through extrinsic evidence (in this case the testimony of the victim's father, and the possibility of introducing the caller), the possible existence of juror bias.

Because we find no error of constitutional magnitude in the state court's handling of the jury tampering allegation that would render the state hearing unfair under section 2254(d), the state court's finding of no bias or prejudice is conclusive. *See* 28 U.S.C. § 2245(d). We also find that the district court did not abuse its discretion in holding that Braley was not entitled to an evidentiary hearing given the state of the record. *See Brofford v. Marshall,* 751 F.2d 845, 853 (6th Cir.1985), *cert. denied,* 474 U.S. 872, 106 S.Ct. 194, 88 L.Ed.2d 163 (1985); *cf. United States v. Wilson,* 534 F.2d 375, 379 (D.C.Cir.1976).

We GRANT the certificate of probable cause and the motion to proceed in forma pauperis and AFFIRM the decision of the district court.

---

1. W.R.E. 606(b) and Fed.R.Evid. 606(b) are substantively identical.