Gerald Lynn SMITH, Petitioner,

v.

Robert D. HANNIGAN, Respondent.

No. 92–3071–DES.

United States District Court,
D. Kansas.

Feb. 16, 1993.

Gerald Lynn Smith, pro se.

JaLynn M. Copp, Office of Atty. Gen., Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at Lansing Correctional Facility in Lansing, Kansas. He was convicted in 1990 of 2 counts of aggravated burglary, 14 counts of burglary, and 14 counts of felony theft. He was sentenced to a controlling prison term of 60 to 170 years. In this action, petitioner challenges the constitutionality of his conviction. Specifically, plaintiff claims the trial court erred in: (1) admitting statements made by petitioner while petitioner was completing a *Miranda* rights form, (2) refusing to replace a juror after learning the juror was an employee of one of the burglary victims, and (3) instructing the jury regarding their consideration of other offenses charged.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual Background*

Petitioner's arrest stemmed from numerous similar household burglaries. In almost all of the burglaries, entry into the house was achieved during the day through a broken window or door. In most cases, a VCR and jewelry were among the items taken. A man fitting petitioner's description, and a car similar to petitioner's car, was described at or near the scene of many of the burglaries. The investigation led to a motel room where petitioner and a friend were staying. When apprehended, many items stolen in the various burglaries were recovered in the motel room, in the motel's dumpster, in petitioner's car, and from jewelry worn by petitioner's friend. Petitioner was identified by some but not all witnesses.

When petitioner was taken into custody, petitioner filled out a form which detailed petitioner's rights. The last question on the form was whether petitioner, having been advised of his rights, wanted to talk to the police. As directed, petitioner read each question aloud before initialing his response. When petitioner read the last question, a police officer said that many of the burglary victims would like to get their property back. Petitioner stated that "The last time I talked to the police and gave up my fences, it just got me in more trouble." This statement was made while petitioner marked his response that he did not wish to talk to the police.

During the trial, the trial court held a hearing out of the presence of the jury to determine whether petitioner's statement would be admitted. The police officer testified regarding the sequence of events. The

trial court found the police officer's statement to petitioner was a question which was asked after petitioner had been advised of his rights, that petitioner momentarily and voluntarily waived his right to be silent by responding to the question, and that petitioner then asserted his right to remain silent by initialing the last question on the form. The police officer then testified before the jury regarding petitioner's remark.

Also during the trial, petitioner learned that one of the jurors was an employee of one of the burglary victims testifying in the case. Out of the presence of the jury, the trial court examined the witness and determined that the witness and juror had not talked to each other about the case, and that the two individuals were not close. The trial court denied petitioner's request that the juror be examined or that the juror be replaced and the alternate juror take his place.

Finally, the trial court, over petitioner's objection, included in his instructions to the jury an instruction which allowed the jury to consider petitioner's guilt on any charge in deciding the question of identity on the other charges.

All issues raised in the present petition were presented to the state appellate courts. The Kansas Court of Appeals affirmed all of petitioner's convictions on all charges except three for felony theft. The Kansas Supreme Court denied review.

*Discussion*

█ Petitioner first claims he was denied a fair trial when the trial court admitted the statement petitioner made as he completed the *Miranda* rights form, because use of the statement violated petitioner's fifth and fourteenth amendment right against self incrimination. On appellate review, the Kansas Court of Appeals found petitioner's statement was freely made with an understanding of the circumstances and possible consequences, and found no error in admitting the statement. This court agrees.

█ On collateral habeas review, the ultimate conclusion on the voluntariness of a post-arrest statement is reviewed de novo. *Miller v. Fenton*, 474 U.S. 104, 112, 106 S.Ct. 445, 450, 88 L.Ed.2d 405 (1985). However,

factual findings by the state trial and appellate courts are presumed correct under 28 U.S.C. § 2254(d) unless they are not fairly supported in the record. *Church v. Sullivan*, 942 F.2d 1501, 1516 (10th Cir.1991).

█ Due process is denied if an accused's coerced or involuntary statement is used against him during his criminal trial. *Schneckloth v. Bustamonte*, 412 U.S. 218, 225–226, 93 S.Ct. 2041, 2046–47, 36 L.Ed.2d 854 (1973). In *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court found custodial interrogation by the police to be inherently coercive, and required detailed warnings be given to a suspect to protect the privilege against self incrimination. *Id.*, 384 U.S. at 466, 86 S.Ct. at 1623. When a suspect indicates at any time before or during interrogation that he wishes to remain silent, all questioning must cease. *Id.*, 384 U.S. at 473–74, 86 S.Ct. at 1627. To use a suspect's incriminating statement, the government must prove a voluntary, knowing, and intelligent waiver of the accused's *Miranda* rights. Waiver is not presumed. *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979). The validity of the waiver is to be assessed under the totality of the circumstances surrounding the interrogation. *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1140, 89 L.Ed.2d 410 (1988).

In the present case, petitioner was in custody when the police officer made a comment that the trial court found to be a question. Petitioner's incriminating statement was made in response to that question. Prior to his response, petitioner had read aloud each right presented in the form, marked his understanding of each, and had no questions. There is nothing in the record to indicate petitioner did not fully understand his right to remain silent if questioned by the police. Petitioner read aloud the last question on the form which asked if petitioner wanted to talk to the police. At that moment the police officer asked a question, petitioner responded, and petitioner marked "No" as his response to the last question. The trial court found that when petitioner responded to the officer's question, petitioner knew what his rights were. There is ample support in the

record to presume this factual finding is correct. Once petitioner marked the last box on the form, and thus asserted his right to remain silent, the police asked no further questions. Under these facts, the court finds petitioner's statement was voluntarily and freely made after petitioner was advised of his rights under *Miranda.*

 Petitioner next claims he was denied a fair trial because one of the jurors was or may have been biased. The trial court examined the witness who was the employer of one of the jurors, and found no reason to question the juror in question, or to remove that juror from the jury. The Kansas Court of Appeals found no abuse of discretion by the trial court in denying petitioner's request that the alternate juror be seated, or in denying petitioner's request for a mistrial.

This court finds no reason to disturb the state trial court's findings. These findings are presumed to be correct unless any of the factors listed in 28 U.S.C. § 2254(d) is met. *Patton v. Yount,* 467 U.S. 1025, 1036, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984); *Braley v. Shillinger,* 902 F.2d 20, 21 (10th Cir. 1990). Having reviewed the record, this court finds none of the statutory factors are satisfied to warrant federal habeas review.

Finally, petitioner claims he was denied a fair trial because the jury was given an inconsistent and confusing instruction that impermissibly linked all of the crimes charged. The Kansas Court of Appeals found the instruction neither inconsistent nor confusing, and found sufficient similarities existed between many of the crimes charged to allow the jury to consider similar offenses for the purpose of proving identity.

 Federal habeas corpus proceedings may not be used to set aside a state conviction on the basis of an erroneous jury instruction unless the instruction "by itself so infected the entire trial that the resulting conviction violates due process." *U.S. v. Frady,* 456 U.S. 152, 169, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1989). The court finds no such error is presented in this case. The court has considered and rejects petitioner's claim that the jury instruction relieved the state of the burden of proving the elements of each criminal offense charged. To the extent petitioner challenges the correctness of the jury instruction under state law, his claim is not cognizable under § 2254. *Estelle v. McGuire,* —— U.S. ——, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.