13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald Lynn SMITH, Petitioner-Appellant,
v.
Robert D. HANNIGAN, Attorney General of Kansas, Respondents-Appellees.
 No. 93-3067.
 United States Court of Appeals, Tenth Circuit.
 Nov. 23, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant was convicted in state court of several counts of aggravated burglary, burglary, and felony theft. The Kansas appeals court reversed convictions on three counts of felony theft and affirmed all other convictions. Having exhausted his state remedies, appellant petitioned the district court for habeas corpus relief pursuant to 28 U.S.C. 2254. The district court denied relief, and appellant appeals that denial.
 
 
 3
 Appellant claims violation of his Fifth and Fourteenth Amendment rights because of the trial court's admission into evidence of his post-arrest statement. After his arrest, appellant was taken to the police station and advised of his rights. The two detectives present instructed appellant to read each of his Miranda rights aloud and then place his initials next to each statement after he had read it. In addition to the basic Miranda warnings, appellant read and initialled a statement to the effect that he had read the statement of his rights and he understood what those rights were. Finally, appellant read the following statement aloud: "Having these rights in mind, do you wish to talk to us now?" R. Vol. IV at 144. Either at the same time or after appellant read that question,[2] one of the detectives commented that they would like to recover the stolen property because several of the victims had no insurance. In response to that comment, and as he was checking the "no" box to indicate that he did not wish to talk to the police, appellant said, "The last time I talked to the police and gave up my fences, it just got me in more trouble." Id. at 138-39; R. Vol. V at 27-28. Appellant moved to exclude that statement from the evidence.
 
 
 4
 The state trial court held hearings outside the presence of the jury to determine the admissibility of the statement. The two detectives testified and, after the court made it very clear to appellant that he could testify in this specific matter without anything he said being used against him in the trial before the jury, appellant elected not to testify regarding the circumstances surrounding his statement. After hearing the detectives' testimony, the court found that the comment by the detective was a question intended to elicit a response. It then concluded that appellant voluntarily and knowingly waived his right to remain silent and, therefore, that appellant's statement was admissible at trial.
 
 
 5
 "A suspect who has been advised of his rights against self-incrimination 'may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly, and intelligently.' " United States v. Hernandez, 913 F.2d 1506, 1509 (10th Cir.1990)(quoting Miranda v. Arizona, 384 U.S. 436, 444 (1966)), cert. denied, 499 U.S. 908 (1991). There are two requirements for waiver of Miranda rights:
 
 
 6
 First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.
 
 
 7
 Moran v. Burbine, 475 U.S. 412, 421 (1986). The validity of the waiver must be assessed under the totality of the circumstances. Id. "Whether a waiver was voluntary, knowing and intelligent 'is a legal question requiring independent factual determination.' "
 
 
 8
 Hernandez, 913 F.2d at 1509 (quoting Miller v. Fenton, 474 U.S. 104, 110 (1985)). We must accept the factual findings of the trial court as correct, unless they are not fairly supported in the record or unless one of the exceptions in 28 U.S.C. 2254(d) applies. Church v. Sullivan, 942 F.2d 1501, 1516 (10th Cir.1991).
 
 
 9
 After having carefully reviewed the record, we conclude that the trial court's factual findings are supported by the evidence. We agree with the district court that the totality of the circumstances evidences a knowing and voluntary waiver by appellant. The trial court did not err, therefore, in allowing evidence of appellant's statement.
 
 
 10
 Appellant also argues that his Sixth and Fourteenth Amendment rights were violated because the trial court refused to replace a juror and then denied his motion for mistrial. After the trial had begun, the court learned that one of the jurors was an employee of one of the victim/witnesses. The trial court interviewed the witness and found no reason to replace the juror. We agree with the district court that there is no reason to disturb the trial court's findings on this issue. If none of the exceptions listed in 28 U.S.C. 2254(d) applies, we must presume that the trial court's findings in this regard are correct. See Patton v. Yount, 467 U.S. 1025, 1036 (1984); Braley v. Shillinger, 902 F.2d 20, 22 (10th Cir.1990). To the extent that appellant challenges the presence of the juror under state law, his claim is not cognizable on habeas review. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 
 11
 Finally, appellant contends that one of the jury instructions was confusing, inconsistent, and impermissibly allowed evidence of guilt to be considered in determining identity on other counts.[3] We will not set aside a state conviction under 28 U.S.C. 2254 on the basis of an erroneous jury instruction unless the " 'instruction by itself so infected the entire trial that the resulting conviction violates due process.' " United States v. Frady, 456 U.S. 152, 169 (1982)(quoting Henderson v. Kibbe, 431 U.S. 145, 154 (1977))(further citation omitted). The instruction at issue does not present such error. Again, to the extent appellant argues state law error, federal habeas relief is not available. McGuire, 112 S.Ct. at 480.
 
 
 12
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 One of the detectives testified that the statement by the detective was made either at about the time the appellant read the last question or right after, R. Vol. IV at 138, and the other testified that the statement by the detective was made after the appellant read the question, id. at 144
 
 
 [3]
 The challenged instruction reads:
 Each crime charged against the defendant is a separate and distinct offense. You must decide each charge separately on the evidence and law applicable to it, uninfluenced by your decision as to any other charge. The defendant may be convicted or acquitted on any or all of the offenses charged.
 Evidence with regard to one offense charged which may be considered in determining the guilt or innocence of defendant of another crime charged is limited to the issue of identity; in this regard, method of operation may be taken into account.