Filed 8/16/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RONALD LEROY KENNEDY,

       Petitioner-Appellant,

v.

JAMES FERGUSON, Acting Warden
and THE ATTORNEY GENERAL OF
THE STATE OF WYOMING,

       Respondents-Appellees.

No. 95-8085
(D.C. No. 95-CV-80)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter is before the court on petitioner Ronald Leroy Kennedy's application for a certificate of appealability (formerly a certificate of probable cause). On December 19, 1995, petitioner requested a certificate of probable cause from the district court in connection with this appeal. The district court docket sheet provided with the record on appeal indicates that the district court never granted the certificate of probable cause. Therefore, it falls to us to determine whether a certificate of appealability should be granted.

Petitioner's right to appeal the federal district court's denial of habeas corpus relief is conditioned upon this court granting a certificate of appealability. See 28 U.S.C. § 2253. The law, as recently amended, instructs that we may issue such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right," and we "indicate which specific issue or issues satisfy [that] showing." Id. § 2253(c)(2) and (3). Even if we applied the law as it existed at the time this application was made, the standard would be the same: "the standard governing the issuance of a certificate of appealability requires the same showing as that for obtaining a certificate of probable cause [under the former version of the Act]." Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996).

Petitioner asserted in his habeas corpus petition that after the Wyoming Supreme Court ordered that he be resentenced to life imprisonment on his conviction of first degree murder, see Kennedy v. State, 559 P.2d 1014 (Wyo.

1977), the state district court impermissibly caused him to serve his life sentence consecutive to, and after the expiration of, his other sentences. The district court analyzed petitioner's claim and found that this same issue was raised in petitioner's 1980 habeas petition before the Wyoming federal district court. Alternatively, the district court found that even if this issue had not previously been raised, petitioner's claim was abusive because he failed to show cause and prejudice for failing to raise this issue in his 1980 petition and in a subsequent petition filed in 1989. See Kennedy v. Shillinger, 759 F. Supp. 1554 (D. Wyo. 1991), aff'd, 971 F.2d 558 (10th Cir.), cert. denied, 506 U.S. 1008 (1992)..

We have considered the arguments in petitioner's brief and have examined the record, including the orders entered on petitioner's previous habeas petitions. The district court properly rejected petitioner's claim as successive or, alternatively, as abusive. We conclude that petitioner has failed to make the necessary showing to warrant our issuance of a certificate of appealability. Therefore, we deny his application and DISMISS the appeal. All pending motions are DENIED.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

-3-